**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:20-CV-655-RJC-DCK**

| | |
|---|---|
| **CEDRIC POSTON and KENNETH BLANCHETT,** )<br>)<br> **Plaintiffs,** )<br>)<br> **v.** )<br>)<br> **SHRED-IT USA LLC, and STERICYCLE INC.,** )<br>)<br> **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' . . . Motion To Dismiss And Compel Arbitration, And/Or In The Alternative, Motion To Dismiss For Failure To State A Claim" (Document No. 19) filed January 27, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

The undersigned observes that Plaintiffs filed a "First Amended Collective And Class Action Complaint" (Document No. 24) on February 17, 2021.  Plaintiffs' Amended Complaint follows an Order from the Court allowing Plaintiffs an extension of time to respond to the pending motion to dismiss, or in the alternative, to file an Amended Complaint pursuant to Fed.R.Civ.P. 15.  (Document No. 23).  It appears that Defendants have timely-filed their amended pleading.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.");  see also,  Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'");  Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint");  Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008);  and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, as appropriate.

**IT IS, THEREFORE, ORDERED** that "Defendants' . . . Motion To Dismiss And Compel Arbitration, And/Or In The Alternative, Motion To Dismiss For Failure To State A Claim" (Document No. 19) is **DENIED AS MOOT**.

Signed: February 22, 2021

David C. Keesler
United States Magistrate Judge