UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00655-RJC-DCK

| | |
|---|---|
| PHILLIP DANIEL, on behalf of themselves and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) STERICYCLE INC. and ) SHRED-IT USA LLC, ) ) Defendants. ) | Order |

**THIS MATTER** comes before the Court on Defendants' Motion to Stay Opt-In Plaintiffs' Claims Pending Arbitration and Partially Dismiss Named Plaintiff's Amended Complaint (the "Motion") (Doc. No. 33), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 54), and Defendants' objection (Doc. No. 55). For the reasons stated herein, the M&R is **ADOPTED** and Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when

objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fannie Mae v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Additionally, when ruling on a motion

2

Case 3:20-cv-00655-RJC-DCK   Document 61   Filed 03/31/22   Page 2 of 7

to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

As an initial matter, no party objected to the M&R's recommendation that the Court (1) grant Defendants' Motion to Stay Opt-In Plaintiffs' Claims Pending Arbitration; and (2) deny Defendants' motion to dismiss Count III for violation of the North Carolina Retaliatory Discrimination Act and Count IV for Wrongful Discharge in Violation of North Carolina Public Policy. This Court has conducted a full review of the M&R and documents of record, and having done so, the Court determines the Magistrate Judge's recommendation on these issues is in accordance with the law and should be adopted. Therefore, Defendants' motion to stay opt-in Plaintiffs' claims pending arbitration will be granted and Defendants' motion to dismiss Counts III and IV of the Amended Complaint will be denied.

Defendants object to the M&R's recommendation to deny their motion to dismiss Named Plaintiff Daniel's claim for violation of the North Carolina Wage and Hour Act ("NCWHA") payday statute, N.C. Gen. Stat. § 95-25.6. The Magistrate Judge recommended the Court deny Defendants' request to dismiss this claim because Defendants' argument in their also pending summary judgment motion "seems to contradict their position on the motion to dismiss that

3

Plaintiff's claims are otherwise recoverable under the FLSA" and questions regarding the applicability of the NCWHA and its exemption may require further factual development. (Doc. No. 54 at 14).

The NCWHA, among other things, sets forth requirements for employers' payment of minimum wage, overtime, and wages. *See* N.C. Gen. Stat. § 95-25, *et seq*. Employers who fail to comply with the requirements of NCWHA may be liable to their employees for the amount of unpaid minimum wages, unpaid overtime compensation, or other unpaid amounts due. *Id.* § 95-25.22. However, § 95-25.14 creates exemptions for certain provisions of the NCWHA. Relevant here, the overtime provisions in N.C. Gen. Stat. § 95-25.4 do not apply to "(1) Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act." *Id.* § 95-25.14(a)(1). Separately from the N.C. Gen. Stat. § 95-25.4 overtime payment requirements, N.C. Gen. Stat. § 95-25.6, known as the payday statute, requires employers to pay employees "all wages and tips accruing to the employee on the regular payday." *Id.* § 95-25.6. Section 95-25.14(a)(1) does not contain an explicit exemption for the provisions of § 95-25.6 for claims governed by FLSA.

Daniel brings an individual and class claim for violation of FLSA for failure to pay proper overtime wages, but does not bring a claim under NCWHA for failure to pay proper overtime wages under N.C. Gen. Stat. § 95-25.4. Nevertheless, Defendants argue Daniel's claim for violation of the payday statute, N.C. Gen. Stat. § 95-25.6, is in essence a claim for overtime pay and exempted. They also argue the claim should be dismissed because it is rooted in a dispute over unpaid meal periods rather than withholding of accrued wages and is in contravention of the purpose of the statute.

First, the plain language of N.C. Gen. Stat. § 95-25.14(a)(1) exempts overtime claims under

N.C. Gen. Stat. § 95-25.4. The statute by its terms does not exempt claims under N.C. Gen. Stat. § 95-25.6. *Roldan v. Bland Landscaping Co.*, No. 3:20-CV-00276-KDB-DSC, 2022 WL 287549, at *3-4 (W.D.N.C. Jan. 31, 2022) (Bell, J.) (denying defendant's request to dismiss payday claim under § 95-25.6 because it is not exempted by the plain terms of § 95-25.14(a)). Additionally, the basis of each of the claims is different. On the one hand, the basis of an overtime claim under N.C. Gen. Stat. § 95-25.4 is to receive pay at time and a half for hours worked over 40 hours. On the other hand, the basis of a claim under N.C. Gen. Stat. § 95-25.6 is to receive pay for wages accrued but not paid. "[T]he wages at issue are 'accruing' to hourly-paid employees within the meaning N.C. Gen. Stat. § 95-25.6 . . . regardless of whether these employees were also owed overtime pay . . . ." *Laurence v. Harris Teeter, LLC*, No. 3:17-CV-00602-RJC-DSC, 2018 WL 10058688, at *3 (W.D.N.C. Feb. 20, 2018). Finally, as the Magistrate Judge observed, Defendants pending motion for summary judgment argues the FLSA's overtime requirements do not apply to Daniel under the Motor Carrier Act exemption. At this stage, if the Court dismissed Daniel's claim under N.C. Gen. Stat. § 95-25.6, and accepted Defendants' Motor Carrier Act exemption argument, Daniel could be left without a legal remedy for hours he alleges he worked but for which he was not paid.[1]

---

[1] Furthermore, even if the NCWHA overtime exemption does apply to Daniel's claim under § 95-25.6, there is an exception to the relevant exemption under § 95-25.14(a), which states:

> c. Notwithstanding the above, any employer or employee exempt from the minimum wage, overtime, or child labor requirements of the Fair Labor Standards Act for whom there is no comparable exemption under this Article shall not be exempt under this subsection except that where an exemption in the Fair Labor Standards Act provides a method of computing overtime which is an alternative to the method required in 29 U.S.C.S. § 207(a), the employer or employee subject to that alternate method shall be exempt from the provisions of G.S. 95-25.4(a); provided that, persons not employed at an enterprise described in subdivision (1) of this subsection shall also be subject to the same alternative methods of overtime calculation in the circumstances described in the Fair Labor Standards Act exemptions providing those alternative methods[.]

Accordingly, § 95-25.14(a) does not exempt Daniel's payday statute claim.

Defendants' argument that Daniel's payday claim must be dismissed because it is rooted in a dispute for unpaid meal times rather than withholding of wages in contravention of the statute is also unpersuasive. And as the Court in *Roldan* found, this argument "misunderstands and misstates both Plaintiff's claims and the relevant authority." *Roldan*, 2022 WL 287549, at *3. Defendants rely almost entirely on *Queen v. RHA Health Services*, No. 1:00CV00101, 2001 U.S. Dist. LEXIS 26118 (M.D.N.C. Jan. 22, 2001), for this argument. In *Queen*, plaintiff a night manager at an assisted living facility brought claims under FLSA and the payday statute alleging she was not paid for "sleep time" at night when she was not tending to clients. *Id.* at *3-4. The employment agreement at issue stated that she would not be paid during sleep time when she was not working. *Id.* at *8. The court concluded under those circumstances the defendants were not withholding wages that accrued to plaintiff. *Id.* at *8-9. The dispute in *Queen* was whether the plaintiff should be paid for sleep time specifically designated as non-compensable and for which she was not tending to patients. Here, the dispute is not whether Daniel should be compensated for meals times actually taken and not worked, but rather whether he worked during meal times but was not paid for the time he worked.[2] Daniel alleges he was not been paid for the time he worked for Defendants during his meal breaks. At the motion to dismiss stage, this is sufficient to state a claim under the payday statute. *Roldan*, 2022 WL 287549, at *4. Accordingly, Defendants'

---

N.C. Gen. Stat. § 95-25.14(a)(1)(c). At this stage, it is unclear whether this exception is applicable if Defendants are ultimately successful on their motion for summary judgment arguing the Motor Carrier Act exempts Daniel's FLSA claim.

[2] Defendants argument that the payday statute does not apply because they dispute whether Daniel actually worked the time he alleges is unavailing. At the motion to dismiss stage, the Court must accept the allegations in the Complaint as true. As discussed herein, this argument is different than the dispute in *Queen*, and supports the Magistrate Judge's conclusion of the need for further factual development.

request to dismiss Daniel's individual payday claim is denied.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 54), is **ADOPTED**;

2. Defendants' Motion to Stay Opt-In Plaintiffs' Claims Pending Arbitration and Partially Dismiss Named Plaintiff's Amended Complaint, (Doc. No. 33), is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendants' Motion to Stay Opt-In Plaintiffs' Claims Pending Arbitration is **GRANTED** and this action is **STAYED** as to the Opt-in Plaintiffs. Defendants' motion to dismiss is **DENIED**.

Signed: March 30, 2022

Robert J. Conrad, Jr.
United States District Judge