**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00655-RJC-DCK**

| | |
|---|---|
| PHILLIP DANIEL, on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **Order** |
| STERICYCLE INC. and SHRED-IT USA LLC, ) ) ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiffs' motion for a court-authorized notice to be issued under Section 216(b) of the Fair Labor Standards Act (Doc. No. 28), as modified by the Joint Status Report on Proposed Form of Notice, Consent to Join Form, and Notice Process and Procedures (Doc. No. 77).

**I. BACKGROUND**

On November 24, 2020, Plaintiff filed this collective and class action, asserting various employment-related claims against Defendants.[1] (Doc. No. 1). Plaintiff brings the following claims: (1) a collective action claim pursuant to 29 U.S.C. § 216(b) for violation of the Fair Labor Standards Act ("FLSA"); (2) a Rule 23 class action claim for violation of the North Carolina Wage and Hour Act ("NCWHA"); (3) violation of the North Carolina Retaliatory Employment Discrimination Act; and (4) wrongful discharge in violation of North Carolina public policy. (Doc. No. 24). The Court granted Plaintiff's Motion to Conditionally Certify Plaintiff's FLSA collective,

---

[1] The originally named-plaintiffs in this action are each subject to arbitration agreements. Now named-Plaintiff Phillip Daniel, who does not have a signed arbitration agreement, filed an Amended Complaint on behalf of himself and all others similarly situated after this action was originally filed. (Doc. No. 24).

and conditionally certifying a modified collective action limited to current and former employees at the Raleigh location. The Court also concluded the FLSA collective will exclude any employees that Defendants demonstrate are subject to an enforceable arbitration agreement. The Court ordered Defendants to "provide Plaintiff a list with names of current and former employees at Defendants' Raleigh Branch that would otherwise be an opt-in plaintiff for purposes of the collective action but for which Defendants assert have valid arbitration agreements such that they are not subject to receive notice of the collective action, including a copy of the relevant arbitration agreements." (Doc. No. 68). In addition, the Court ordered the parties to conduct an initial attorneys conference, and to meet and confer on discovery disagreements, the validity of any arbitration agreements, the notice form, opt-in form, and proposed processes and procedures for notice. (*Id.*).

The parties agreed on aspects of each, but still dispute several issues related to the arbitration agreements, notice, and the case management plan. At the parties' request, on October 6, 2022, the Court held a hearing on the remaining disputed issues.

## II. DISCUSSION

The FLSA, 29 U.S.C. § 201 et seq., "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). It allows a plaintiff alleging a violation of the statute to bring suit on his own behalf or on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b). Section 216(b) of the FLSA expressly provides for the procedure for collective actions as follows:

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Thus, class members must "opt-in" to an FLSA collective action by filing their consent to suit. *Id.* And if a court conditionally certifies an FLSA collective, then it will authorize notice to putative members. *Danford v. Lowe's Home Centers, LLC*, No. 5:19-CV-00041-KDB-DCK, 2019 WL 4874823, at *3 (W.D.N.C. Oct. 2, 2019). "District courts have wide discretion in facilitating notice to potential claimants," including "limiting the size of the proposed class, restricting duplicative notices, and altering the content of the notice." *Id.*

### A. Arbitration Agreement Signatories' Contact Information

First, the parties dispute whether Defendants must provide Plaintiff's counsel with the contact information for arbitration agreement signatories who will not receive notice of the FLSA collective. The Court denies Plaintiff's counsel's request for this contact information. The Court did not order Defendants to provide contact information and contact information is not necessary at this time. The Court ordered Defendants to provide arbitration agreement signatories' names and related arbitration agreements in order to demonstrate that the individuals are subject to enforceable arbitration agreements. This is sufficiently accomplished with a name and arbitration agreement. To the extent the individuals are fact witnesses or have discoverable information, Plaintiff's counsel can seek that information through discovery, without prejudice to any objections Defendants might raise.

### B. Putative FLSA Collective Members' Names and Contact Information

Next, the parties dispute whether Defendants must provide Plaintiff's counsel the names and contact information for putative FLSA collective members who will receive notice. The parties each cite cases to support their position that Defendants must or must not provide Plaintiff's counsel with the putative collective member's names and contact information. Based on the

specific facts before the Court, the reasoning in cases cited by Defendants is more persuasive. *Bartholomew v. Lowe's Home Centers, LLC*, No. 2:19-cv-695-JLB-MRM, 2021 WL 6052273, at *3 (M.D. Fla. Dec. 21, 2021) (granting request for third-party administrator to effect notice and denying plaintiff's request for contact information as unnecessary to effect notice); *Jibowu v. Target Corp.*, No. 17-CV-3875 (PKC) (CLP), 2020 WL 7385695, at *6 (E.D.N.Y. Dec. 16, 2020) ("Given that the parties have agreed to use a third-party administrator to notify and collect consent forms from collective members, Plaintiffs' counsel does not need the contact information of collective members to effectuate proper notice, and Plaintiffs provide no other particular reason that their counsel needs the personal contact information of potential opt-in members. Moreover, as Target points out, once an individual opts in to the collective, Plaintiffs' counsel will receive that individual's contact information."). These cases reason that when a third-party administrator is effecting notice it is unnecessary for plaintiff's counsel to receive putative collective members' contact information before they opt-in to the action unless plaintiff's counsel otherwise demonstrates a need for the information.

Here, Plaintiff's counsel does not provide sufficient need for the names and contact information of putative collective members at this time. The parties agreed to effect notice to putative collective members through use of a third-party administrator such that she does not need the information for notice purposes. Additionally, the Court already conditionally certified the FLSA class such that she does not need the information to demonstrate conditional certification. Finally, to the extent the individuals are fact witnesses or have discoverable information, Plaintiff's counsel can seek that information through discovery, without prejudice to any objections Defendants might raise.

**C. Notice to Certain Arbitration Agreement Signatories**

The parties agree that there are several different, relevant arbitration agreements applicable to potentially would-be collective members. For purpose of notice, the parties disagree on whether one category of arbitration agreement signatories should receive notice: signatories of the 2019 Stericycle Agreement when signed after November 24, 2020, the date this action was filed.

The 2019 Stericycle Agreement contains the following pending litigation clause:

> This Agreement does not apply to litigation pending in a state or federal court or arbitration as of the date of your receipt of this Agreement ("pending litigation"). However, if the pending litigation is subject to a prior or existing agreement to arbitrate, that agreement will remain in full force and effect to that extent and continue to apply to the pending litigation.

Plaintiff argues this clause unambiguously excepts from arbitration any pending litigation, including this action. Defendants argue the clause does not apply to putative collective members in this action because individuals signed the agreement pre-employment and are not parties to this action until they choose to opt-in. Here, the plain language of the pending litigation clause is broad. It does not except collective actions and does not define "pending litigation" to only include only pending litigation to which the signatory of the agreement is specifically a party. Therefore, the 2019 Stericycle Agreement signatories that signed the agreement after November 24, 2020, shall receive notice of the FLSA collective action.

### D. Beginning of Notice Period

The parties agree that the period for FLSA notices is three years; however, they disagree whether the start of those three years, for notice purposes, should begin from the date of the filing of the Complaint or from the date the Court granted conditional certification. Plaintiff asserts the relevant time period for notice is three years preceding the filing of the Complaint, beginning November 24, 2017, through the present. Plaintiff argues the notice period should be inclusive and any statute of limitations issues can be presented at a later date. On the other hand, Defendants

assert the notice period should begin three years preceding the conditional certification of the FLSA collective. Defendants contend the statute of limitations for FLSA claims continues to run until an individual files a written consent to join such that expanding the notice period to November 2017, will cause individuals whose FLSA claims are time-barred to receive notice.

Here, the Court finds it appropriate to allow an inclusive notice period. A more inclusive notice period in this case will allow putative collective members to receive notice and consider any colorable equitable tolling arguments. *See Moss v. Senior Care Carolinas, PLLC*, No. 3:20-cv-00137-FDW-DCK, 2020 WL 3472600, at *5 (W.D.N.C. June 25, 2020) (concluding notice period will begin three years from date Complaint was filed, reasoning "because equitably tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date."); *Pontones v. San Jose Restaurant, Inc.*, No. 5:18-CV-219-D, 2020 WL 1888984, at *2 (E.D.N.C. Apr. 8, 2020); *Ramirez v. T&D Custom Fences & Decks, LLC*, No. 7:20-CV-144-BO, 2021 WL 797901, *2 (E.D.N.C. Mar. 2, 2021) ("[T]he Court finds that a more inclusive notice period at this stage of the proceeding is appropriate . . . The Court will permit the notice period to begin on the date plaintiff filed this action."). The Court will consider whether any opt-in plaintiffs' claims are time-barred at a later date. To be clear, this conclusion does not prejudice Defendants from later challenging any opt-in plaintiff's claim as time-barred. Accordingly, the notice period to shall begin three years preceding the filing of the Complaint, November 24, 2017.

### E. Proposed Notice FLSA Collective Definition

The parties disagree as to whether to include reference to the arbitration agreements in the FLSA collective definition in the notice. Plaintiff contends including any reference to arbitration

agreements will cause confusion. Similarly, Defendants assert not including reference to the arbitration agreements will cause confusion. Here, the notice including reference to the arbitration agreement more accurately reflects the scope of the FLSA collective the Court conditionally certified. Additionally, the reference to arbitration agreements is not overly complicated or confusing. Therefore, the Court approves Defendants' proposed FLSA collective definition for purposes of the proposed notice.

### F. Posting Notice

At the hearing, Plaintiff's counsel requested the Court to consider requiring Defendants to post notice of the FLSA collective at Defendants' workplace in a break room or other area visible to all drivers. Defendants objected to this request for various reasons including that the parties previously negotiated the processes and procedures for notice to putative collective members which did not include posting notice at Defendants' location and the notice processes and procedures are already robust.

The Court agrees posting notice in the workplace is unnecessary in this case. The putative collective members will receive notice by mail and text message. Posting notice will only provide notice to current employees for which Defendants should already have the relevant contact information to effect notice. Additionally, posting notice may cause confusion among Defendants' current employees since only the employees that are not subject to a valid arbitration agreement may opt-in to the FLSA collective. Here, providing notice in the manner the parties previously agreed to is sufficient to effect notice and Plaintiff's request to post notice at the workplace is denied. *See Phelps v. MC Comms., Inc.*, No. 2:11–CV–00423–PMP–LRL, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) (declining to require defendant to post notice in workplace); *Litvinova*

*v. City & Cnty of San Francisco*, No. 18-cv-01494-RS, 2019 WL 1975438, at *5 (N.D. Cal. Jan. 3, 2019) (same).

### G. Case Management

The parties also have significant disputes about the discovery and case management plan. The Court will largely address those issues in a separate case management order. Additionally, the Court concludes given the specific issues in this case, it will allow written discovery on all of the FLSA collective opt-in plaintiffs and depositions of 25% of the FLSA collective opt-in plaintiffs.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' motion for a court-authorized notice to be issued under Section 216(b) of the Fair Labor Standards Act (Doc. No. 28), as modified by the Joint Status Report on Proposed Form of Notice, Consent to Join Form, and Notice Process and Procedures (Doc. No. 77), is **GRANTED IN PART** and **DENIED IN PART**, as described herein and as the parties have otherwise agreed.

2. Defendants are ordered to provide the third-party administrator relevant contact information to effect notice to the putative FLSA collective members within seven (7) days of this Order.

Signed: October 7, 2022

Robert J. Conrad, Jr.
United States District Judge