# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:20-cv-00655-RJC-DCK

| | |
|---|---|
| PHILLIP DANIEL, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) **ORDER**<br>) |
| STERICYCLE, INC. and SHRED-IT USA, LLC, | )<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class and Collective Action Settlement. (Doc. No. 104). The Court having read and considered the Motion and all related exhibits, and finding that the Settlement Agreement satisfies the standard for preliminary approval, the Motion is **GRANTED**. The Court concludes the following:

WHEREAS, Plaintiff Phillip Daniel ("Plaintiff") and Defendants Stericycle, Inc. and Shred-it USA, LLC ("Defendants") have entered into the Joint Stipulation of Class and Collective Action Settlement and Release of Claims ("Settlement Agreement"), attached to Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class and Collective Action Settlement ("Motion for Preliminary Approval") as *Exhibit A*, (Doc. No. 105-1), which is intended to resolve claims asserted in this action by Plaintiff; and

WHEREAS, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this

1

action against the Defendants;

WHEREAS, Plaintiff has requested that the Court enter an Order: (1) asserting jurisdiction over the claims alleged, Plaintiff and Defendants ("the Parties") in this action, and the implementation and administration of the proposed Settlement Agreement; (2) adjudging the terms of the proposed settlement to preliminarily be fair, reasonable and adequate, and in the best interests of the Plaintiff, the FLSA Opt-In Plaintiffs, and Putative Rule 23 Settlement Class Members,[1] and directing consummation of its terms and provisions; (3) provisionally certifying the Putative Rule 23 Settlement Class for settlement purposes only; (4) approving, as to form and content, the proposed Settlement Notice, and authorizing the delivery of the Settlement Notice to all Putative Rule 23 Settlement Class Members by First Class U.S. Mail, text message, and email, as set forth in Article 5, Section 6 of the Settlement Agreement; (5) appointing Plaintiff's Counsel as Class Counsel; (6) approving and appointing CPT Group, Inc. ("CPT") as the Settlement Administrator who will administer this settlement and carry out the duties set forth in the Settlement Agreement; (7) setting a forty-five (45) calendar day deadline (from the date the Settlement Notice is postmarked) for Putative Rule 23 Settlement Class Members) to request to exclude themselves or submit objections; and (8) scheduling a Final Approval Hearing for a date no earlier than one hundred (100) calendar days from the date after the Motion for Preliminary Approval was filed.

---

[1] The capitalized terms used in this Order are intended to have the same meaning as they are given in Section I of the Settlement Agreement.

WHEREAS, the Court has before it, the Motion for Preliminary Approval and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for Plaintiff and Defendants.

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Motion for Preliminary Approval, the declaration(s) filed in support of the Motion for Preliminary Approval, and having considered the argument of counsel, the Court makes the findings and grants the relief set forth below:

**IT IS HEREBY ORDERED:**

*Preliminary Approval of Proposed Settlement*

1. The Court has reviewed the terms of the proposed Settlement Agreement, including the plan of allocation and release of claims, as well as the motion papers and declarations of counsel, which describe Class Counsel's legal and factual investigation, and the settlement process. Based on review of those papers, the Court concludes that the settlement is fair, reasonable, and adequate, in the best interests of Named Plaintiff, the FLSA Opt-In Plaintiffs, and the Putative Rule 23 Settlement Class Members, and the result of extensive, arm's length negotiations among the parties after Class Counsel investigated the claims and became familiar

3

with the strengths and weaknesses of the case. The Court finds that the settlement process was non-collusive. Based on the Court's review of papers submitted in support of preliminary approval, the Court concludes that the proposed Settlement Agreement provides adequate relief to the Named Plaintiff, the FLSA Opt-In Plaintiffs, and the Putative Rule 23 Settlement Class Members, and that the release of their respective claims is appropriately tailored to the allegations in the Amended Complaint. The Court concludes that the proposed Settlement has no obvious defects and is likely to be approved pursuant to Rule 23(e)(2) at the final approval stage, such that giving notice to Putative Rule 23 Settlement Class Members is justified. Fed. R. Civ. P. 23(e)(1)(B).

2. The Court also hereby asserts jurisdiction over the claims alleged, the Named Plaintiff, FLSA Opt-In Plaintiffs, Putative Rule 23 Settlement Class Members, and Defendants ("the Parties") in this action, and the implementation and administration of the proposed Settlement Agreement.

### *Notice to Putative Rule 23 Settlement Class Members*

3. The Court authorizes the issuance of the Settlement Notice attached to the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23.

4. The Court approves as to form and content the Settlement Notice, attached as Exhibit A to the Settlement Agreement, attached to Motion for Preliminary Approval, and the manner of notice set forth in Article VI of the Settlement Agreement.

5. The manner and forms of Settlement Notice to be sent to Putative Rule 23 Settlement Class Members set forth in Article V, Section 6 of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Settlement Notice is disseminated according to the terms of Article V, Section 6 of the Settlement Agreement.

6. Putative Rule 23 Settlement Class Members are authorized to receive an Individual Settlement Payment unless they request their exclusion from the settlement, and they notify the Settlement Administrator via First Class U.S. Mail so that it is postmarked no later than forty-five (45) calendar days after the date on which the Settlement Administrator sends the Settlement Notice to the Putative Rule 23 Settlement Class Members, in accordance with the terms of the Settlement Agreement.

*Appointment of Putative Rule 23 Class Representative and Class Counsel*

7. For purposes of certifying the Putative Rule 23 Settlement Class, for settlement purposes only, the Court hereby appoints Named Plaintiff Phillip Daniel to represent the Putative Rule 23 Settlement Class, respectively.

8. The Court also finds that Gilda A. Hernandez and The Law Offices of Gilda A. Hernandez, PLLC have substantial experience in prosecuting class and collective wage and hour actions. The Court appoints them as Class Counsel.

5

*Provisional Certification of Putative Rule 23 Settlement Class*

9. Plaintiff seeks certification of a settlement class of individuals asserting claims under the North Carolina Wage And Hour Act. For settlement purposes only, Plaintiff has requested that the Court provisionally certify the following class (the "Putative Rule 23 Settlement Class"):

> All individuals who were employed by Defendants in North Carolina as drivers, customer service representatives, or other similar positions who Plaintiff alleges were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within (2) two years prior to the commencement of this action on November 24, 2020 through February 25, 2023, and who are not subject to an arbitration agreement.

The Court hereby finds, for the purposes of settlement only, that the Putative Rule 23 Settlement Class satisfies all of the requirements for certification under Rule 23(a) and (b)(3). Accordingly, for settlement purposes only, the Court hereby provisionally certifies the Putative Rule 23 Settlement Class under Rule 23(a) and (b)(3).

*Requests for Exclusion from the Putative Rule 23 Settlement Class*

10. Putative Rule 23 Settlement Class Members may request exclusion from the Putative Rule 23 Settlement Class and the settlement. All written requests by members of the Putative Rule 23 Settlement Class to exclude themselves from the settlement must be returned by First Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than forty-five (45) calendar days after the date on which the Settlement Administrator postmarks, emails, or texts the Settlement Notice to the Putative Rule 23 Settlement Class Members. A written request by a person seeking exclusion must expressly assert that he or she wishes to

be excluded from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Daniel v. Stericycle, Inc. et al.*, Civil Action No. 3:20-cv-00655-RJC-DCK," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the settlement.

11. Putative Rule 23 Settlement Class Members may not exclude themselves by filing requests for exclusion as a group or class but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator in accordance with the terms of the Settlement Agreement.

12. In the event the settlement receives final approval, any Putative Rule 23 Settlement Class Member who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement, whether or not such person objected to the settlement, or participated in, the settlement. All Putative Rule 23 Settlement Class Members who do not timely and validly request to be excluded will be enjoined from proceeding against Defendants for the claims made in the Complaint or Amended Complaint.

13. All Putative Rule 23 Settlement Class Members who submit valid and timely requests for exclusion from the Putative Rule 23 Settlement Class: (i) shall not

7

have any rights under the Settlement Agreement; (ii) shall not be entitled to receive an Individual Settlement Payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

14. Consistent with the Settlement Agreement, Putative Rule 23 Settlement Class Members who have not requested exclusion and wish to object to the settlement must file a written objection with the U.S. District Court for the Western District of North Carolina setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection on Plaintiff's counsel and Defendants' counsel. Any objections must be filed and served with the Court within forty-five (45) calendar days after the date on which the Settlement Administrator postmarks, emails, or texts the Settlement Notice to the Putative Rule 23 Settlement Class Members. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, Putative Rule 23 Settlement Class Members shall not be entitled to speak at the Final Approval Hearing unless they have timely filed and served a written objection in accordance with the terms of the Settlement Agreement. Any Putative Rule 23 Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense. Any Putative Rule 23 Settlement Class Member who fails to file and serve a timely written objection shall be deemed to have waived any objection

8

Case 3:20-cv-00655-RJC-DCK   Document 112   Filed 06/10/24   Page 8 of 13

and shall be foreclosed from objecting to this settlement.

*Approval and Appointment of Settlement Administrator*

15. The Court approves and appoints CPT to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The Court **HEREBY ORDERS** and **AUTHORIZES** CPT to perform the administrative duties specified in the Settlement Agreement, including those in Sections V(4-17),

*Reporting Activities to the Parties*

16. CPT is **HEREBY ORDERED** to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of Article V, Section 11 of the Settlement Agreement. This shall include informing the Parties of the dates CPT mails the Settlement Notice to the Putative Rule 23 Settlement Class Members, when it distributes the funds from the QSF, and when it mails the Court's Final Approval Order, if any.

17. To allow the Parties and the Court to evaluate the work performed by CPT in this matter, CPT Group is also **ORDERED** to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Classes; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, text, e-mail, or telephone); (iii) the original mailing envelope for any

9

returned Notice, any written requests for exclusion, or any other correspondence received from Putative Rule 23 Settlement Class Members; (iv) logs or date-stamped copies showing the dates and times of receipt of tax or claim forms received by fax; (v) the original copies of any U.S. mail, text or email communications with any Putative Rule 23 Settlement Class Members.

*Miscellaneous*

18. The Court **FURTHER ORDERS** that counsel for all Parties have the right to review and approve any documents to be mailed by CPT in connection with the proposed settlement prior to their mailing, and CPT may not mail any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

19. CPT is **FURTHER ORDERED** to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Classes provided to CPT by counsel for the Parties, including but not limited to Putative Rule 23 Class Member Information (as defined in Article V, Section 10 of the Settlement Agreement). This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of Article V, Section 10 of the Settlement Agreement).

20. Finally, CPT is **ORDERED** to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the

issuance of the Court-authorized Settlement Notice, to collect and track requests for exclusion from those Putative Rule 23 Settlement Class Members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

## *The Final Approval Hearing*

21.     Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the proposed settlement, and its terms as set forth in the Settlement Agreement, are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the settlement (the "Final Approval Hearing").

22.     At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service payment should be made to Plaintiff.

23.     The Final Approval Hearing is hereby scheduled to be held before this Court on **September 23, 2024, at 10:00 A.M. in Courtroom 4A of the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202**.

24.     The date and time of the Final Approval Hearing shall be set forth in the Settlement Notice, but the Final Approval Hearing shall be subject to adjournment

11

by the Court without further notice to the Putative Rule 23 Settlement Class Members other than that which may be posted by the Court.

25. Only Putative Rule 23 Settlement Class Members who have filed and served timely notices of objection in accordance with the terms of Article V, Section 6 of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any Putative Rule 23 Settlement Class Member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to the requested service payment to Named Plaintiff Daniel, in accordance with the procedure set forth in the Settlement Notice, the Settlement Agreement, and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

### *Other Provisions*

26. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

27. The Costs of Administration shall be paid from the Maximum Gross Settlement Amount as set forth in Article V, Section 2 of the Settlement Agreement.

28. For all the reasons stated in the Motion for Preliminary Approval, immediately following the entry of this Order, the Named Plaintiff, the FLSA Opt-In Plaintiffs, and all Putative Rule 23 Settlement Class Members, and all

persons purporting to act on their behalf, including Class Counsel, shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating, commencing, or prosecuting (either directly, representatively or in any other capacity) against Defendant Releasees any and all suits, actions, causes of action, claims, or demands in any court, arbitration forum, or tribunal asserting any of the claims released in Article VI of the Settlement Agreement. This injunction shall remain in effect through the dismissal of this case, as defined herein.

**IT IS SO ORDERED**.

Signed: June 10, 2024

_____

Robert J. Conrad, Jr.
United States District Judge